**NOT FOR FULL-TEXT PUBLICATION**
**File Name: 07a0408n.06**
**Filed: June 19, 2007**

**No. 05-5528**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **DARIUS TROY GORDON,** | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| **Petitioner-Appellant,** | ) | **STATES DISTRICT COURT FOR THE** |
| | ) | **EASTERN DISTRICT OF TENNESSEE** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent-Appellee.** | ) | |
| | ) | |
| | ) | |
| | ) | |

**Before: GILMAN, GIBBONS, and GRIFFIN, Circuit Judges.**

**PER CURIAM**. Petitioner Darius Troy Gordon pled guilty in 2001 to one count of conspiracy to distribute and to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846, and was sentenced to 120 months' imprisonment. Judgment was entered in October 2001, and no direct appeal was filed. In February 2005, Gordon filed a motion pursuant to 28 U.S.C. § 2255. The district court dismissed the motion as time-barred and denied a certificate of appealability. Gordon appealed the dismissal of his motion, and this court granted a certificate of appealability on the following issues: (1) whether Gordon's motion was timely filed; (2) whether Gordon's counsel rendered ineffective assistance; and (3) whether Gordon's sentence was unconstitutional.

1

Having reviewed the parties' briefs and the applicable law, we conclude that a panel opinion further addressing the issues raised would serve no jurisprudential purpose. We further note that this court has confirmed that *United States v. Booker*, 543 U.S. 220 (2005), does not apply retroactively in collateral proceedings. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Therefore, on the grounds identified by the district court, we affirm the district court's denial of petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.